# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YOLANDA MARIE CARRINGTON a/k/a YM CARRINGTON, | |
| Plaintiff, | |
| v. | Case No.: 21-cv-03713 |
| THE ISRAEL EMERGENCY ALLIANCE d/b/a "StandWithUs," a 501(c)(3) not-for-profit organization, | Honorable Robert W. Gettlemen |
| Defendant. | |

## DEFENDANT ISRAEL EMERGENCY ALLIANCE'S MOTION TO DISMISS

Defendant, **Israel Emergency Alliance d/b/a "StandWithUs," a 501(c)(3) not-for-profit organization ("StandWithUs")** by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), moves to dismiss Counts I-III of Plaintiff's Complaint, and in support states as follows:

This Motion is not to be construed as a waiver of any other defense set forth in Rule 12 of the Federal Rules of Civil Procedure, and all defenses are expressly preserved. This is a defamation and right of publicity claim where Plaintiff alleges that StandWithUs posted a series of images across StandWithUs' social media accounts where the phrase "Horrific Antisemitism" was displayed above Plaintiff's blurred out image along with a Twitter post that Plaintiff posted several months earlier pertaining to Anne Frank. See Plaintiff's Complaint attached as Exhibit A. Plaintiff's Complaint asserts three causes of action: common law defamation (Count I); tortious inference with prospective economic advantage (Count II); and violations of plaintiff's right of publicity (Count III).

Plaintiff's Complaint asserts that Plaintiff is a citizen of North Carolina and alleges that StandWithUs is a citizen of both Illinois and California. Plaintiff's Complaint is devoid of any specific allegations or basis to support that venue is proper in the Northern District of Illinois, including any allegations as to the basis for the allegation that StandWithUs is a citizen of Illinois. Pursuant to both 28 USC § 1391(b)(1) and (2), StandWithUs is a citizen of California, specifically, Los Angeles, California for purposes of determining the proper venue, and therefore venue is proper in the Central District of California, Western Division. Therefore, Plaintiff's Complaint must be dismissed pursuant to FRCP 12(b)(3). Additionally, a transfer venue under 28 U.S.C. § 1404 to the Central District of California, Western Division is proper as that is a venue in which Plaintiff's claim should have been brought.

Additionally, Plaintiff's claims are also barred by Illinois' and California's Anti-SLAPP Statutes. Under Illinois' Citizen Participation Act, 735 ILCS 110/1 *et seq.*, a motion to dispose of a claim in a judicial proceeding is valid where the acts of the moving party is in furtherance of the moving party's rights of petition, speech, association, or otherwise participate in government is valid. Under California's Anti-SLAPP law, Code of Civil Procedure Section 425.16, a motion to strike is appropriate against any claim arising from a person's right of petition or free speech under the United States Constitution or the California Constitution. Here, StandWithUs' claimed conduct of posting Plaintiff's tweet as an example of antisemitic speech was within its constitutional right to freedom speech which is protected under both statutes. Therefore, Plaintiff's Complaint must be dismissed on the merits upon transfer to the proper venue.

WHEREFORE, for the reasons set forth in this motion and the supporting memorandum, StandWithUs respectfully requests this Court grant its motion to dismiss on Counts I-III of Plaintiff's Complaint for failing to be filed in the proper venue and requests that this Court transfer

this matter to the Central District of California, where a motion on the merits can be decided. Additionally, StandWithUs requests this Court dismiss Plaintiff's Complaint pursuant to the provisions of the Illinois and California anti-SLAPP Acts because StandWithUs is conferred immunity for its acts pursuant to both statutes.  Further, StandWithUs requests that judgment be entered in its favor and against Plaintiff, including the award of costs, including attorney's fees, wrongfully incurred in the defense of this matter and for any other and further relief this Honorable Court deems just.

Date:  September 29, 2021

              Respectfully Submitted,

              **ISRAEL EMERGENCY ALLIANCE**

              By:  */s/ Ryan M. Neri*
                 One of its attorneys

Ryan M. Neri, ARDC #6300419
WOOD SMITH HENNING & BERMAN, LLP
222 S. Riverside Plaza, Suite 640
Chicago, Illinois 60606
(312) 766-4447
rneri@wshblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Sheryl Ring, Esq.
518 S. Route 31
Suite 113
McHenry, Illinois 60050
(847) 975-2643
sheryl@sherylringlaw.com
***Attorney for Plaintiff***

                                                  By:   */s/ Ryan M. Neri*