UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOLANDA MARIE CARRINGTON a/k/a YM CARRINGTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE ISRAEL EMERGENCY ALLIANCE d/b/a "StandWithUs," a 501(c)(3) not-for-profit organization,<br><br>　　　　　Defendant. | Case No.: 21-cv-03713<br><br>Honorable Robert W. Gettlemen |

**DEFENDANT ISRAEL EMERGENCY ALLIANCE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, **Israel Emergency Alliance d/b/a "StandWithUs," a 501(c)(3) not-for-profit organization ("StandWithUs")** by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6), moves to dismiss Counts I-III of Plaintiff's Complaint, and in support states as follows:

**STATEMENT OF FACTS**

On July 13, 2021, Plaintiff filed a complaint that asserts three causes of action: common law defamation (Count I); tortious inference with prospective economic advantage (Count II); and violations of Plaintiff's right of publicity (Count III). Plaintiff alleges that jurisdiction is based on diversity as Plaintiff is a citizen of North Carolina, and StandWithUs is a citizen of Illinois and California. (Ex. A, Plaintiff's Complaint, Doc. #1, ¶ 1). Plaintiff's claims are based upon the alleged conduct by StandWithUs posting a series of images of Plaintiff across its various social media platforms on June 15, 2021. (Ex. A., Doc. #1, ¶ 10). The complete and unabridged posts are not included within Plaintiff's Complaint. Plaintiff further claims that above the photographs

was the banner "HORRIFIC ANTISEMITISM" and included in the photograph was a tweet Plaintiff posted on Twitter in April 2020. (Ex. A., Doc. #1, ¶¶12-15). Plaintiff's Complaint quotes portions, but not all of the purported tweet where Plaintiff claims that Plaintiff stated "'the Nazis took [everything] away' from Anne Frank, and that Anne Frank was a 'criminalized refugee [who was] incarcerated and killed [by the Nazi]." (Ex. A., Doc. #1, ¶ 15).

Plaintiff asserts that Plaintiff is "an observant Jew" who is a "community organizer who works full time in the Jewish and Black communities." (Ex. A., Doc. #1, ¶¶ 4,6). Plaintiff claims that Plaintiff's statements were accurate because Anne Frank was incarcerated and killed by Nazis and therefore were not antisemitic. (Ex. A., Doc. #1, ¶ 17). Plaintiff claims that StandWithUs posted Plaintiff's tweet because Plaintiff was "a community activist working for Palestinian solidarity and wanted to damage [Plaintiff's] reputation." (Ex. A., Doc. #1, ¶ 22). Plaintiff further claims that StandWithUs used the post for fundraising purposes, while posting links asking for donations. (Ex. A., Doc. #1, ¶ 28). Plaintiff claims that as a result of StandWithUs' post, Plaintiff was terminated from several organizing roles and positions, resulting in a loss of 92% of Plaintiff's income. (Ex. A., Doc. #1, ¶¶ 31-32).

Count I of Plaintiff's Complaint asserts common law defamation. Specially, Plaintiff claims that StandWithUs' social media post identifying Plaintiff's tweet as antisemitic was false. Count II of Plaintiff's Complaint asserts a claim for tortious interference with prospective economic advantage. Specifically, Plaintiff alleges that StandWithUs had "actual knowledge" that Plaintiff obtained "economic benefits" from work as a community organizer; however, no basis for that actual knowledge is alleged. (Ex. A., Doc. #1, ¶ 41). Further, Plaintiff alleges that it was StandWithUs "goal of damaging or deleteriously affecting Plaintiff's professional relationship," again without any basis for Plaintiff's allegations. (Ex. A., Doc. #1, ¶ 42). Count III asserts a claim

for Violation of Plaintiff's Right of Publicity and cites to 765 ILCS 1075 *et. seq.* as the basis for the claim. (Ex. A., Doc. #1, ¶ 47). Specifically, Plaintiff asserts that StandWithUs used Plaintiff's likeness for fundraising purposes without Plaintiff's consent. (Ex. A., Doc. #1, ¶ 46).

As detailed in the affidavit of Jerry Rothstein StandWithUs is a California non-profit organization, with its headquarters in Los Angeles, California where its CEO, COO, board of directors and accountants are located. (Attached hereto as Exhibit B, ¶¶ 4-5). While StandWithUs does have a satellite office in Northfield, Illinois, none of the employees associated with that office are responsible for StandWithUs' social medial accounts, including those posts which are the subject of the allegations in Plaintiff's Complaint. (Ex. B, ¶ 8). The complete post that is the subject of Plaintiff's Complaint is attached as Exhibit 1 to the affidavit of Jerry Rothstein. Contrary to Plaintiff's allegations, Plaintiff's name and likeness were blurred to obscure Plaintiff's identity. (Ex. B, ¶ 15). Further, the post was not made for purposes of fundraising but rather to identify antisemitic speech. (Ex. B, ¶ 16). In response to StandWithUs' post, Plaintiff went to social media again to seek out an attorney to "sue @standwithus for every nickel they have" and to put StandWithUs "out of business." (Ex. B, ¶ 19). None of StandWithUs' officers, directors or employees transacted any business nor performed any acts within the State of Illinois which are the subject of Plaintiff's Complaint, including the subject post. (Ex. B, ¶¶ 9-10). None of the alleged conducted by StandWithUs occurred in the Northern District of Illinois.

## STANDARD

A motion under Rule 12(b)(3) challenges the validity of the venue in which the Plaintiff's Complaint is filed. Section 1391(b)(1) states that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Section 1391(b)(2) permits a civil action to be brought in "a judicial district in which a substantial

part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The test for a determination of proper venue under Section 1391(b)(2) "is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in a particular district." *See Jackson v. N'Genuity Enters., Co.,* No. 14 C 2197, 2014 WL 4269448, at *6–7 (N.D.Ill. Aug. 28, 2014). To meet the "substantial portion test," the event or omissions must have more than "some tangential connection" to the chosen venue. *Mercantile Capital Partners v. Agenzia Sports, Inc.,* 04 C 5571, 2005 WL 351926 (N.D. Ill. 2005). To be "substantial," the events in the district "must be a part of the historical predicate of the claim." *Schwarz v. Nat'l Van Lines, Inc.,* 317 F. Supp. 2d 829, 834 (N.D. Ill. 2004).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.[1] *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). Rule 8(a)(2) imposes a "plausibility standard" which requires Plaintiff to plead factual allegations showing "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to state a plausible claim. *Id*. A complaint must show "that the Plaintiff has a right to relief, by providing allegations that raise a right to relief

---

[1] Under Illinois and California law, presenting a motion pursuant to each's anti-SLAPP provisions permits the inclusion of material outside the pleadings to be considered. However, should this court deem the exhibits attached to require a summary judgment motion to be considered pursuant to Fed. R. Civ. P. 12(d), StandWithUs does not object to this level of review.

above the speculative level," which means that the complaint "must do more than merely avoid foreclosing possible bases for relief." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008).  A "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

## ARGUMENT

I.  **Venue is Not Proper in the Northern District of Illinois Under Section 1391(b)**

Plaintiff's Complaint fails to allege any facts sufficient to establish that venue is proper under either Section 1391(b)(1) or (2), nor is it possible for Plaintiff to assert any allegations to establish that venue is proper under either section.  When a defendant challenges venue, the Plaintiff bears the burden of establishing that venue is proper.  *Nagel v. ADM Investor Servs., Inc.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998).  A court may examine facts outside the complaint in order to determine whether venue is proper.  *Id.*  Interestingly, Plaintiff does not assert the specific statutory basis for bringing this claim in the Northern District of Illinois, likely because none exists.  *See* Ex. A., Doc. #1.

    A.  **Venue is Not Proper in the Northern District of Illinois Under Section 1391(b)(1)**

Plaintiff's Complaint fails to adequately plead the basis that venue is proper in the Northern District of Illinois.  Specifically, venue is not proper in Illinois as StandWithUs is not a citizen of Illinois and therefore does not reside here for purposes of establishing venue under Section 1391(b)(1).  Venue is proper in the Central District of California where StandWithUs was incorporated in 2001 and has maintained an active incorporation status in California, specifically, Los Angeles.  StandWithUs' headquarters are located in Los Angeles and its control group,

consisting of its CEO, COO, and board of directors are located there. Not only is Plaintiff's Complaint devoid of any allegations providing a basis for venue being proper in the Northern District of Illinois, Plaintiff would be unable to do so as it is clear that the Central District of California is a proper venue. As such, StandWithUs' motion to dismiss should be granted as Plaintiff's Complaint fails to adequately plead proper venue in the Northern District of Illinois under Section 1391(b)(1).

### B. A Substantial Portion of the Plaintiff's Claims Did Not Occur in the Northern District of Illinois and Thus Venue is Not Proper

Additionally, venue is not proper in the Northern District of Illinois pursuant to Section 1391(b)(2). The test for determining proper venue requires more substantial involvement than merely the "minimum contacts" required for personal jurisdiction. *Peregrine Fin. Grp., Inc. v. Green,* 2001 WL 1548965 at *3-4 (N.D. Ill. 2001). Further, while personal jurisdiction may be appropriate it does not mean venue is likewise appropriate. *Clark Products, Inc. v. Rymal*, 2002 WL 31572569 (N.D. Ill 2002).

In the present case, Plaintiff is a citizen of North Carolina and StandWithUs is a citizen of California, and the only connection to the current venue is Plaintiff's counsel maintaining an office that is geographically encompassed in the venue. While StandWithUs does have an office and employees in Illinois, none of these employees were involved in the alleged conduct asserted in Plaintiff's Complaint. Moreover, none of the individuals involved with operating StandWithUs social media accounts are located in Illinois as detailed in affidavit filed by Jerry Rothstein. Further, there is no indication that Plaintiff will sustain any foreseeable harm that could occur in Illinois to establish that more than a tangential connection with the forum. There is nothing supporting that Illinois, and specifically the Northern District of Illinois is a proper venue under Section 1391(b)(2) and therefore Plaintiff's Complaint must be dismissed.

C.  **Venue is Not Proper in the Northern District Under the Residual Venue Provisions of Section 1391(b)(3)**

Should Plaintiff seek to claim that venue is proper under the residual provision for establishing venue pursuant to 1391(b)(3), such an argument should not be considered by the Court. Section 1391(b)(3) allows venue to be proper where "any defendant is subject to personal jurisdiction…if there is no district in which the action may otherwise be brought." However, in this matter, as established above, the Central District of California is the appropriate venue for Plaintiff's claims. The only reason that Plaintiff's Complaint was filed in the Northern District of Illinois is based upon Plaintiff's attorney's office being located within the district and likely for no other justifiable reason. Therefore, Plaintiff's Complaint should be dismissed.

D.  **Plaintiff's Complaint Should be Transferred to the Central District of California**

Since it has been established that the Northern District of Illinois is not the proper venue, federal law provides that for the "convenience of parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The showing required to change venue under § 1404(a) is less than that required for dismissal under the precursor doctrine of *forum non conveniens*. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955), *cited in Valvoline Instant Oil Change Franchising, Inc. v. Rfg Oil, Inc.*, No. 12-39, 2012 U.S. Dist. LEXIS 118571, *19 (E.D. Ky. Aug. 22, 2012) ("A 'lesser showing of inconvenience' is needed for a § 1404(a) transfer than that for a *forum non conveniens* dismissal."). District courts thus have broad discretion to transfer cases to another appropriate venue under § 1404(a). *Piper Aircraft Co.*

*v. Reyno*, 454 U.S. 235, 254 (1981) ("The statute was designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system.").

In reviewing motions made pursuant to § 1404(a), courts consider a number of factors, including: "(1) convenience of the parties and the witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, and (5) the interests of justice. Other factors include (1) the relative congestion in the courts of the two forums, (2) the public's interest in having local controversies adjudicated locally, (3) the relative familiarity of the two courts with the applicable law, (4) the Plaintiff's original choice of forum, and (5) whether the parties agreed to a forum selection clause." *Breeders' Cup v. Nuvei Techs.*, No. 19-113, 2020 U.S. Dist. LEXIS 37376, *5-6 (E.D. Ky. Mar. 4, 2020), citing *Kentucky Speedway, LLC v. National Ass'n of Stock Car Auto Racing, Inc.*, 406 F. Supp. 2d 751, 755 (E.D. Ky. 2005). Thus, § 1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an individualized case-by-case consideration of convenience and fairness." *Id.*, citing *Kentucky Speedway*, 406 F. Supp. 2d at 754.

When considering the totality of the factors for transferring, they all weigh in favor of moving the matter to the Central District of California. Neither Plaintiff nor StandWithUs' control group are residents of Illinois and any individuals with knowledge as to StandWithUs' conduct are located in Los Angeles. Therefore, the majority of the witnesses and sources of information are located solely in Los Angeles. Additionally, costs of securing testimony from witnesses would be substantially less for a case pending in California. Most importantly, it is in the interest of justice and judicial economy to have the case pending in a forum with an actual connection with Plaintiff's claims. There is no alleged conduct or acts that occurred in the Northern District of Illinois,

potential individuals residing in the United States with knowledge on behalf of StandWithUs are located in California, and Plaintiff is a resident of North Carolina.  As such, there is nothing connecting this matter to the Northern District of Illinois and the Court should not be burden with this matter without a substantial connection to the forum.  Therefore, the matter should be transferred to the Central District of California pursuant to Section 1404(a).

**II.      Plaintiff's Complaint is Barred by Illinois' Citizen Participation Act**

It is StandWithUs' position that the merits of this matter should be decided in the Central District of California; however, should the Court wish to consider the merits of Plaintiff's claims, they should also be dismissed as failing to adequately plead a cause of action pursuant to Federal Rule of Civil Procedure12(b)(6).  Specifically, Plaintiff's claims are barred under Illinois' Citizen Participation Act as StandWithUs' acts are protected under its right to freedom of speech.

As a result of the "disturbing increase in lawsuits termed 'Strategic Lawsuits Against Public Participation'" also known as "SLAPPs", Illinois enacted the Citizen Participation Act to protect against the "abuse of the judicial process…as a means of intimidating, harassing, or punishing…organizations for involving themselves in public affairs." 735 ILCS 110/5.  The Act applies to "any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to…the moving party's rights of petition, speech, association, or to otherwise participate in government." 735 ILCS 110/15.  The Act explicitly extends immunity from liability to any "acts in furtherance of the constitutional rights to petition, speech, association, and participation in government…regardless of intent or purpose." *Id.*

To trigger immunity, Section 20 of the Act sets forth specific procedures and standards for adjudicating a motion to dispose of a "claim" that is "based on, relates to, or is in response to" the exercise of a citizen's constitutional rights. Under Section 20, once a defendant of a purported SLAPP moves to dismiss the suit, the new procedures and rights are activated. In order to

overcome the immunity, *the plaintiff* is required to produce "clear and convincing evidence" that the "act or acts" at issue were not immunized by the Act. A suit may be dismissed under the Act if (1) the defendant's acts were in furtherance of its right to petition, speak, associate or otherwise participate in government to obtain favorable government action; (2) the plaintiff's claims are solely based on, related to, or in response to the defendant's "acts in furtherance"; and (3) the plaintiff fails to produce clear and convincing evidence. *Ryan v. Fox Television Stations, Inc.*, 2012 IL App (1st) 120005 ¶18., *Garrido v. Arena,* 2013 IL App (1st) 120466, ¶17. Statements made on the internet have been held to be within the type of speech protected under the Act. *See Goral v. Kulys*, 2014 IL App (1st) 133236. To determine whether plaintiff's claim was retaliatory within the meaning of the Act, the Court considers consider (1) the proximity in time between the protected activity and the filing of the complaint, and (2) whether the damages requested are reasonably related to the facts alleged in the complaint and present a good-faith estimate of the injury sustained. *Prakash v. Parulekar*, 2020 IL App (1st) 191819, ¶ 38.

In the present case, Plaintiff clearly filed the instant lawsuit in retaliation to StandWithUs' constitutionally protected right to free speech regarding the continuing examples of antisemitic speech, and utilized Plaintiff's publicly available social media posts as examples of such rhetoric. Nothing contained in Plaintiff's Complaint clearly and convincingly establishes that StandWithUs was not exercising its constitutional right to free speech. It is clear that Plaintiff's Complaint was filed in retaliation against StandWithUs because Plaintiff's Complaint was filed less than one month after StandWithUs' social media post. Moreover, Plaintiff's own statements in her subsequent social media post indicate that the subject lawsuit was done in retaliation. Further, there is nothing within the Complaint to justify that Plaintiff sustained the scope of damages asserted, $100,000, in the time period from the post and filing the complaint. Further, Plaintiff's

Complaint does not attach any of the purported social media posts where Plaintiff claims that StandWithUs made false statements, further establishing that Plaintiff's claims are meritless. Rather, Plaintiff inserts portions, without context, of the allegedly defamatory language. When looking at the posts in their totality, Plaintiff's retaliatory intent is clear. These conclusory allegations are not sufficient to establish clear and convincing evidence to defeat StandWithUs' immunity under the Act. Therefore, Plaintiff's Complaint, in its entirety, must be dismissed with prejudice.

### A. <u>Plaintiff's Claims are Also Barred Under California's Anti-SLAPP Statute</u>

As argued above, and without waiving any defenses upon the case being transferred, Plaintiff's Complaint would also be barred under Cal. Civ. Proc. Code §425.16 which prohibits SLAPP complaints in California. In 1992, the California Legislature enacted Code of Civil Procedure section 425.16 as a remedy for the "disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code §425.16(a); *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 817 (1994). A defendant opposing a SLAPP claim may bring an "anti-SLAPP" special motion to strike any cause of action "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . ." Cal. Civ. Proc. Code §425.16(b)(1).

The provisions of California's anti-SLAPP law state that a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the Plaintiff has established that there is a probability that the Plaintiff will prevail on the claim." Cal. Civ. Proc. Code §425.16 (b)(1). In ruling on an anti-SLAPP motion, a trial court uses a "summary-judgment-

like procedure at any early stage of the litigation." *Varian Medical Systems, Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005). This is a two-step process. First, the defendants must show that the acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States of California Constitution in connection with a public issue." Cal. Civ. Proc. Code §425.16(b)(1). Next, if the defendant carries that burden, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the claim. Cal. Civ. Proc. Code §425.16(b)(3). In making both determinations the trial court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Civ. Proc. Code §425.16(b)(2); *Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002).

Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest is a protected activity pursuant to California's anti-SLAPP statute. Cal. Civ. Proc. Code §425.16(e). Additionally, "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest" is a protected activity. *Id.*

Here, Plaintiff alleges that StandWithUs "posted a series of images of Plaintiff across various social media platforms" including "Facebook, Twitter, and Instagram." (Ex. A., Doc. #1, ¶s 10, 11). California recognizes that social media web sites, like Instagram, Facebook and Twitter, are a public forum for purposes of the anti-SLAPP statute. *Ampex Corp. v. Cargle*, 128 Cal. App. 4th 1569, 1576 (2005) ("Web sites that are accessible free of charge to any member of the public where members of the public may read the views and information posted, and post their own opinions, meet the definition of a public forum for purposes of section 425.16."); *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1007 (2001).

According to the complaint "StandWithUs is a leading political organization which works to build support among the American public for the Israeli government." (Ex. A., Doc. #1, ¶s 9). StandWithUs is accused of writing the words "HORRIFIC ANTISEMITISM" above the image of Plaintiff. (Ex. A., Doc. #1, ¶s 12). Speech concerning racism, and antisemitism has long been recognized as issues of public interest. See, *Bernstein v. LaBeouf*, 43 Cal. App. 5th 15, 24 (2019); *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 383 (2d Cir. 2003); *Feingold v. New York*, 366 F.3d 138, 160 (2d Cir. 2004); *M.G. v. Time Warner, Inc.*, 89 Cal.App.4th 623, 629 (2001) ("Major societal ills are issues of public interest."). Despite Plaintiff's assertions to the contrary, StandWithUs is not a political organization, but an education-based non-profit organization that supports Israel and fights antisemitism around the world. However, given Plaintiff's own allegations that StandWithUs works to build support among the American public for the Israeli government, and considering StandWithUs actual mission fighting antisemitism around the world, its statements concerning antisemitism clearly concern and are in connection with a public interest. Thus, the statements alleged, fall squarely within the protections afforded by the First Amendment and California law.

There is nothing contained in Plaintiff's scant pleading to establish that Plaintiff has the probability to prevail upon the case being transferred to the Central District of California. In fact, the Plaintiff's own allegations belie any such assertion that Plaintiff can prevail on the Complaint. As such, Plaintiff's Complaint should also be dismissed pursuant to the provisions of California's Anti-SLAPP Act.

## **CONCLUSION**

For the reasons set forth in this memorandum, StandWithUs respectfully requests this Court grant its motion to dismiss on Counts I-III of Plaintiff's Complaint for failing to be filed in

the proper venue and requests that this Court transfer this matter to the Central District of California, where a motion on the merits can be decided. Additionally, StandWithUs requests this Court dismiss Plaintiff's Complaint pursuant to the provisions of the Illinois and California anti-SLAPP Acts because StandWithUs is conferred immunity for its acts pursuant to both Acts. Further, StandWithUs requests that judgment be entered in its favor and against Plaintiff, including the award of costs, including attorney's fees, wrongfully incurred in the defense of this matter and for any other and further relief this Honorable Court deems just.

Date:  September 29, 2021

                                                 Respectfully Submitted,

                                                 **ISRAEL EMERGENCY ALLIANCE**

                                               By:  *Ryan M. Neri*
                                                      One of Its Attorneys

Ryan M. Neri, ARDC #6300419
WOOD SMITH HENNING & BERMAN, LLP
222 S. Riverside Plaza, Suite 640
Chicago, Illinois 60606
(312) 766-4447
rneri@wshblaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Sheryl Ring, Esq.
518 S. Route 31
Suite 113
McHenry, Illinois 60050
(847) 975-2643
sheryl@sherylringlaw.com
***Attorney for Plaintiff***

                                                         By:   */s/ Ryan M. Neri*