UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA MARIE CARRINGTON | Case No. 2:22–cv–03519–MCS–E |
| Plaintiff(s), | **INITIAL STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE MARK C. SCARSI** |
| v. | |
| THE ISRAEL EMERGENCY ALLIANCE | |
| Defendant(s). | |

This case has been assigned to the calendar of Judge Mark C. Scarsi. Both the Court and counsel bear responsibility for the progress of this litigation in federal court. To "secure the just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1, all parties or their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and this Court's standing orders.

**THE COURT ORDERS AS FOLLOWS:**

**1.   Service of the Complaint**

The plaintiff shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 and file proof of service pursuant to Local Rule 4(*l*).

Rule 4(m) requires the summons and complaint to be served within 90 days. The Court expects service to be completed as soon as reasonably practicable. The Court will require plaintiff to show good cause to extend the service deadline beyond 90 days.

**2.   Presence of Lead Counsel**

Lead trial counsel shall attend any scheduling, pretrial, or settlement conference set by the Court unless engaged in trial. Should that occur, counsel is to file a request for alternate or co-counsel to appear with a proposed order. The Court does not permit special appearances; only counsel of record may appear at any proceeding.

The Court expects counsel to appear in person at any hearing. The Court only rarely permits telephonic appearances. Counsel seeking to appear by telephone must: (1) notify opposing counsel of the request to appear telephonically; (2) at least three court days before the hearing, file a request to appear telephonically and proposed order supported by a showing that personal appearance will cause undue hardship; (3) provide the Courtroom Deputy Clerk with the telephone number at which the Court can reach counsel; and (4) be available at that number for at least 30 minutes before and 30 minutes after the time of the scheduling hearing.

**3.   Ex Parte Applications**

Ex parte applications are solely for extraordinary relief and are rarely granted. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Such applications must be supported by "evidence... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Ex parte applications that fail to conform to Local Rule 7-19, including a statement of opposing counsel's

1     position, will not be considered, except on a specific showing of good cause.

2         Counsel for the applicant must provide advance notice of the application by

3 telephone and email to all other parties. In addition to the information required

4 by Local Rule 7-19.1, the notice must advise the other parties of the anticipated

5 deadline to oppose the application. The applicant must serve the application by

6 facsimile, email, or personal service, even if electronic service is effected under

7 Local Rule 5-3.2.1.

8         Oppositions to ex parte applications must be filed within 24 hours of the filing

9 of the application, subject to Rule 6(a)(2). If an opposing party does not intend

10 to oppose the ex parte application, counsel must inform the Courtroom Deputy

11 Clerk by telephone or email as soon as possible.

12    **4.   Continuances or Extensions of Time**

13         This Court is very committed to adhering to all scheduled dates. In general,

14 this makes the judicial process more efficient and less costly. Changes in dates

15 are disfavored. Trial dates set by the Court are firm and will rarely be changed.

16 Therefore, any request, whether by application or stipulation, to continue the date

17 of any matter before this Court must be supported by good cause demonstrating

18 why the change in the date is essential. Without such compelling factual support,

19 requests to continue dates set by this Court will not be approved. Counsel

20 requesting a continuance must electronically file any application or stipulation

21 with a proposed order and a detailed declaration of counsel providing the grounds

22 for the requested continuance or extension of time. The Court will deny any

23 request that fails to comply with the Local Rules and this Order. Proposed

24 stipulations extending scheduled dates become effective only if, and when, this

25 Court approves the stipulation as presented to, or modified by, the Court. Counsel

26 should avoid submitting requests for a continuance fewer than seven calendar days

27 prior to the earliest date subject to request. The Court presumes that there is no

28 good cause to continue any deadline that will pass within a week of a continuance

request or has already passed.

### 5.   TROs and Injunctions

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 65-1. The application shall include a proof of service which complies with the Court's requirements for ex parte applications or a separate request for service to be excused. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served, unless service is excused. Counsel shall call the Courtroom Deputy Clerk no later than 30 minutes after filing the documents.

### 6.   Cases Removed from State Court

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a)-(b). If the defendant has not yet answered or filed a motion in response to the complaint, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules. If, before the case was removed, a motion or demurrer in response to the complaint was pending in state court, it must be re-noticed in this Court in accordance with Local Rule 6-1 and Local Rule 7. Counsel shall file with their first appearance a notice of interested parties in accordance with Local Rule 7.1-1.

If an action is removed to this Court that contains a form pleading, i.e., a pleading in which boxes are checked, the party or parties utilizing the form pleading must file an appropriate pleading with this Court within 30 days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Federal Rules of Civil Procedure 7, 7.1, 8, 9, 10, and 11.

### 7.   Status of Fictitiously Named Defendants

This Court intends to adhere to the following procedures where a matter is

removed to this Court on diversity grounds with fictitiously named defendants. *See* 28 U.S.C. §§ 1441, 1447.

    **a.**   Plaintiff is expected to ascertain the identity of, and serve, any fictitiously named defendant, within 90 days of the removal of the action to this Court.

    **b.**   If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be identified within the 90-day period, an ex parte application requesting permission to extend that period to effectuate service may be filed with this Court. Such an application shall state the specific reasons for the requested extension of time, including a description of all efforts made up to that time to identify and serve such defendants. The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may file written comments within seven days of filings of the ex parte application.

    **c.**   If plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff should file a motion on regular notice. The motion and opposition should address whether the matter should thereafter be remanded to the Superior Court if complete diversity of citizenship would no longer be present as a result of the addition of the new party. *See* U.S.C. § 1447(c) and (d).

**8. Discovery**

    **a.  Discovery Matters Referred to the Magistrate Judge**

All discovery matters, including all discovery motions, are referred to the assigned United States Magistrate Judge. The Magistrate Judge's initials follow the District Judge's initials next to the case number on this Order. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to

ensure proper routing. Counsel are directed to contact the Magistrate Judge's
Courtroom Deputy Clerk to schedule matters for hearing.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any
order of the Magistrate Judge unless it has been shown that the Magistrate Judge's
order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before
this Court. *See* Fed. R. Civ. P. 72(a). The moving party must file and serve the
motion within 14 days of service of a written ruling or within 14 days of an oral
ruling that the Magistrate Judge states will not be followed by a written ruling.
The motion must specify which portions of the ruling are clearly erroneous or
contrary to law and support the contention with points and authorities.

### b.   Compliance with Federal Rule of Civil Procedure 26(a)

Unless there is a likelihood that, upon motion by a party, the Court would
order that any or all discovery is premature, counsel should begin to conduct
discovery actively before the Scheduling Conference. Discovery is not stayed prior
to the Scheduling Conference or after dates have been set unless otherwise ordered
by the Court. At the very least, the parties shall comply fully with the letter and
spirit of Rule 26(a) and thereby obtain and produce most of what would be
produced in the early stage of discovery.

### 9.   Motions

### a.   Time for Filing and Hearing Motions

Motions shall be filed in accordance with Local Rule 6-1 and Local Rule 7.
In general, this Court hears motions on Mondays, beginning at 9:00 a.m. If Monday
is a national holiday, motions will be heard on the following Monday. It is not
necessary to clear a hearing date with the Courtroom Deputy Clerk prior to the
filing of a motion, but counsel shall review the Court's closed motion dates prior
to selecting a date.

\\\

**b.   Briefing Motions**

**Please read this section carefully. This Court's schedule for briefing motions differs significantly from the briefing schedule set by the Local Rules.**

Any motion that is filed and set for a hearing to be held fewer than 35 days from the date of the filing of the motion shall be briefed pursuant to Local Rules 7-9 and 7-10. Otherwise, motions shall be briefed according to the following schedule:

(a). Any motion that is filed and set for a hearing between 35 and 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 14 days after the filing of the motion; and (ii) any reply must be filed no later than 21 days after the filing of the motion.

(b). Any motion that is filed and set for a hearing more than 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 21 days after the filing of the motion; and (ii) any reply must be filed no later than 35 days after the filing of the motion.

**c.   Prefiling Requirement to Meet and Confer**

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a prefiling conference "to discuss thoroughly... the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference, including the prospective hearing date. The *in propria persona* status of one or more parites does not alter this requirement.

**d.   Length and Format of Motion Papers**

Memoranda of points and authorities shall not exceed 25 pages, and all footnotes shall be in the same font size. Opposition briefs shall not exceed 25 pages, and reply briefs shall not exceed 10 pages. All motion papers shall comply

1    with Local Rule 11-3. Only in rare instances and for good cause shown will the

2    Court grant an application to extend these page limitations. No supplemental brief

3    or surreply shall be filed without prior leave of Court.

4          If documentary evidence in support of or in opposition to a motion or

5    application exceeds 100 pages, the courtesy copy of the documents shall be placed

6    in a binder, with an index and with each item of evidence separated by a tab

7    divider. If such evidence exceeds 200 pages, the documents shall be placed in a

8    slant D-ring binder, with an index and with each item of the evidence separated by

9    a tab divider.

10         Counsel shall adhere to Local Rule 5-4.3.1 with respect to the conversion of

11   all documents to a PDF so that when a document is filed, it is in the proper size

12   and format that is text-searchable. Further, all documents shall be filed in a format

13   so that text can be selected, copied, and pasted directly from the document.

14         Electronic nonpaper exhibits lodged under Local Rule 5-4.2(b)(1) (e.g., audio

15   and video files) must be provided on a USB flash drive. The Court will not accept

16   electronic exhibits provided by CD or DVD.

17         **e.   Mandatory Chambers Copies**

18         Mandatory chambers copies shall be submitted pursuant to Local Rule 5-4.5.

19   The Court requires copies of only: (i) motion papers (motions, oppositions, replies,

20   non-oppositions, etc.), (ii) trial documents (joint statements of the case, proposed

21   voir dire, jury instructions, verdict form, joint exhibit list, joint witness list, etc),

22   (iii) ex parte applications relating to temporary restraining orders and preliminary

23   injunctions and responses thereto, and (iv) presentation materials for patent cases.

24         Pursuant to Local Rule 5-4.5, mandatory chambers copies must be delivered

25   to the Clerk's Office, located on the fourth floor of the First Street Courthouse, no

26   later than 12:00 noon on the court day following the filing of the document.

27   Mandatory courtesy copies of documents related to applications for temporary

28   restraining orders must be submitted the day the application is filed. Chambers

copies must be printed from CM/ECF and include the CM/ECF-generated header. Any stapling or binding should not obscure the CM/ECF-generated header. The Court prefers that chambers copies not be two-hole punched or blue-backed; when possible, staple each copy only in the upper left hand corner.

**f.  Citations of Case Law**

Citations of case law must identify not only the case cited, but also the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the pages on which such language appears shall be provided. Bluebook style is preferred.

**g.  Citations of Other Sources**

Statutory references should identify with specificity the sections and subsections referenced. Citations of treatises, manuals, and other materials should include the volume, section, and pages that are referenced. Citations of prior filings in the same matter shall include the docket entry number, section, and pages that are referenced. Bluebook style is preferred.

**h.  Oral Argument**

If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance. C.D. Cal. R. 7-15.

**10.  Specific Motions**

**a.  Rule 12 Motions**

Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially where perceived defects in a complaint, answer, or counterclaim could be corrected by amendment. *See Chang v. Chen*, 80 F. 3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the

1  complaint. In most instances, the moving party should agree to any amendment
2  that would cure the defect.

3          If a motion to dismiss is granted with leave to amend, counsel shall attach as
4  an appendix to an amended pleading a "redline" version of the amended pleading
5  showing all additions and deletions of material.

6          **b.   Motions for Leave to Amend**

7          All motions for leave to amend pleadings shall: (1) state the effect of the
8  amendment and (2) identify the page and line numbers and wording of any
9  proposed change or addition of material. The proposed amended pleading shall
10 be serially numbered to differentiate it from previously amended pleadings.

11         In addition to the requirements of Local Rule 15, counsel shall attach as an
12 appendix to the moving papers a "redline" version of the proposed amended
13 pleading showing all additions and deletions of material.

14         **c.   Motions for Summary Judgment**

15         Parties need not wait until the motion cut-off date to bring a motion for
16 summary judgment or partial summary judgment. A party moving for summary
17 judgment must file the motion at least 35 days before the hearing. The parties
18 should prepare papers in a fashion that will assist the Court in locating the
19 evidence with respect to the facts (e.g., generous use of tabs, tables of contents,
20 headings, indices, etc.). The parties are to comply precisely with Local Rule 56.

21             **i.   Statement of Uncontroverted Facts and Genuine Disputes**

22         The Statement of Uncontroverted Facts and Conclusions of Law
23 ("Statement of Uncontroverted Facts"), as required by Local Rule 56-1, shall be
24 separately lodged and identify each claim for relief on which the moving party
25 seeks summary judgment and the legal grounds for summary judgment. In a
26 two-column format beneath the identified claim for relief, the left-hand column
27 shall set forth, sequentially numbered, each allegedly uncontroverted material fact
28 as to that claim for relief, and the right-hand column shall set forth the evidence

1   that supports the factual statement. Citation of the supporting evidence shall be

2   specific, including reference to the docket number, exhibit, page, and line number.

3   The Statement of Uncontroverted Facts shall be formatted based on the following

4   examples:

5   **Plaintiff's Claim for Relief for _____ Is Barred by the Applicable Statute of**

6   **Limitations. (Cite)**

| 1. (Moving party's first undisputed fact) | (Supporting evidence citation, e.g., Dkt 50, Exh. 5 at 7:3-5) |
|---|---|
| 2. (Moving party's second undisputed fact) | (Supporting evidence citation, e.g., Dkt. 51-5, Exh. 5 at 8:4-5) |

10        The opposing party's Local Rule 56-2 Statement of Genuine Disputes of

11   Material Fact must be in two columns and track the movant's separate statement

12   exactly as prepared. The left-hand column must restate the allegedly undisputed

13   fact and the alleged supporting evidence, and the right-hand column must state

14   either that it is undisputed or disputed. The opposing party may dispute all or only

15   a portion of the statement, but if disputing only a portion, such party must clearly

16   indicate what part is being disputed, followed by the opposing party's evidence

17   controverting the fact. To demonstrate that a fact is disputed, the opposing party

18   must briefly state why it disputes the moving party's asserted fact, cite the

19   relevant exhibit or other evidence, and describe what it is in that exhibit or

20   evidence that refutes the asserted fact. No legal argument should be set forth in

21   this document.

22        The opposing party may submit additional material facts that bear on, or

23   relate to, the issues raised by the movant, which shall follow the format described

24   above for the moving party's Statement of Undisputed Facts. These additional

25   facts shall continue in sequentially numbered paragraphs and shall set forth in the

26   right-hand column the evidence that supports that statement. Additional material

27   facts shall be filed in a separate document from the Statement of Genuine Disputes.

28   \\\

### ii.    Supporting Evidence

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of or opposition to a motion for summary judgment.

Evidence in support of, or in opposition to, a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, or a witness who can establish authenticity.

The parties shall ensure that electronically filed copies of evidence in support of, or in opposition to, a motion for summary judgment are in the proper format. Thus, all documents must be text-searchable and have selectable text that may be copied and pasted directly from the filed document.

Additionally, testimony cited in a statement of uncontroverted facts, statement of genuine material facts, or statement of additional material facts shall be highlighted and/or underlined.

### iii.    Objections to Evidence

Evidentiary objections to a declaration submitted in connection with a motion or other matter shall be made in writing and served and filed at the same time as, but separately from, the opposition or reply papers. If a party disputes a fact based in whole or in part of an evidentiary objection, the ground of the objection should be succinctly stated in a separate statement of evidentiary objections in a three-column format:

a.  The left column should include the relevant portions of any declaration or deposition, which shall include the highlighted, underlined, and/or bracketed portions that are being objected to (including page and line number, if applicable). Each objection shall be numbered and located within the copy of the declaration.

b.  The middle column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation of the Federal Rules of Evidence or, where applicable, a case citation.

c.  The right column should provide space for the Court's entry of its ruling on the objection.

d.  A proposed order shall be filed and attached to the evidentiary objections as a separate document consistent with Local Rule 52-4.1 and either uploaded through the CM/ECF system or emailed directly to mcs_chambers@cacd.uscourts.gov.

*See* Exhibit A. Counsel shall adhere to this format for any evidentiary objections that are submitted to the Court for consideration.

**d.  Motions for Attorney's Fees**

Motions for attorney's fees shall be filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorney's fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (i.e., partner, local counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (i.e., discovery, motion to dismiss, motion for summary judgment). If the hourly rate charged by any individual attorney changed while the case was ongoing, the party shall provide separate calculation for the total number of hours that the attorney spent in connection with each task at each hourly rate.

The second table shall include a summary of the hours worked by each

attorney, organized by attorney. This table shall list all of the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.

Any table as set forth above shall be attached to the motion and electronically filed. A copy of the table shall be emailed to mcs_chambers@cacd.uscourts.gov in Microsoft Excel format and have all restrictions removed so that the spreadsheet can be edited. *See* Exhibit B.

### e.   Motions for Preliminary and Final Approval of Class Action Settlement

Parties submitting a motion for preliminary or final approval of a class settlement shall include a spreadsheet supporting any proposed award of attorney's fees. The spreadsheet shall include an estimate of any future attorney's fees for which compensation will be sought, the normal hourly rate of all counsel for whom entries appear on the spreadsheet, the support for such hourly rate(s), and an explanation of the basis of any service enhancement award for lead plaintiff(s), including the hours worked and activities performed by such lead plaintiff(s). A copy of the table shall be emailed to mcs_chambers@cacd.uscourts.gov in Microsoft Excel format and have all restrictions removed so that the spreadsheet can be edited. *See* Exhibit B.

### 11.   Under Seal Documents

Counsel shall comply with Local Rule 79-5. All applications must provide the reason(s) why the parties' interest in maintaining the confidentiality of the document(s) outweighs the public's right of access to materials submitted in connection with a judicial proceeding. Counsel are ordered to meet and confer in person or by telephone at least seven calendar days prior to the filing of an application in which the basis for the requested sealing is stated to determine if they can agree on the proposed under seal filing. No later than two calendar days after the meet and confer process has concluded, the non-proposing party shall confirm

1  whether it agrees to having such information designated as confidential or whether

2  it opposes an under seal filing. Any application for under seal filing, whether or

3  not opposed, shall contain the dates and method by which the parties met and

4  conferred. If such information is not provided, the application will be denied

5  without prejudice to an amended application being filed that complies with the

6  foregoing terms.

7  **Filing Applications for Leave to File Under Seal**

8      1.         The application for leave to file under seal shall be filed on the

9                public docket and shall attach a proposed order pursuant to Local

10                Rule 5-4.4.1 and 5-4.4.2. Any declaration that supports the

11                application shall also be attached to the application unless it

12                contains confidential information. The declaration shall be filed

13                under seal as its own docket entry if it contains confidential

14                information.

15      2.         The unredacted version of all documents sought to be sealed

16                shall be filed provisionally under seal. The documents may be

17                attached to the declaration that supports the application, if the

18                declaration is sealed and is filed as its own docket entry.

19                Otherwise, the documents should be filed separately under

20                provisional seal. The title shall include "Unredacted" or "Sealed"

21                as the first word of the title of the document. Any provisionally

22                sealed document must clearly mark the information that is

23                confidential or privileged via highlighting in color and/or using

24                brackets.

25      3.         The Court will review the submitted documents and determine

26                whether the documents can be sealed. If the application is

27                granted, counsel shall file:

28                    i.    The unredacted version of the entire document as its own

docket entry. The title shall include "Unredacted" or "Sealed" as the first word of the title of the document. Any information that has been redacted or omitted from the public filing must be clearly marked via highlighting in color and/or using brackets.

ii.  The redacted version of the entire document as its own docket entry. Unless otherwise stated in the order granting the application, a redacted version is required of all sealed documents. The title shall include "Redacted" as the first word of the title of the document. Any information that is confidential or privileged must be blacked out or a page shall be inserted with the title of the document that indicates that the entire document is sealed.

Closely related materials filed at the same time where some are proposed to be filed under seal and others will not be sealed shall be considered as a single document and filed as a single docket entry containing multiple attachments. For example, if certain exhibits to a declaration are to be filed under seal, even if other exhibits or the declaration are not, the entire document for which permission to seal should be sought is the declaration and all exhibits. The docket shall therefore include:

i.  One unredacted, sealed docket entry containing the declaration with all exhibits, including sealed exhibits, filed as an attachment to the declaration; and

ii.  a separate, redacted docket entry containing the declaration with all exhibits, including redacted exhibits, filed as an attachment to the declaration.

**12.    Initial Pleadings**

Counsel shall comply with Local Rule 3 when filing initial pleadings. All initiating pleadings, including third-party complaints, amended complaints, complaints in intervention, counterclaims, and crossclaims, shall be filed as a separate document. None shall be combined with an answer.

**13.    Amended Pleadings**

Every amended pleading shall be serially numbered to differentiate the pleading from prior pleadings, e.g. First Amended Complaint, Second Amended Counterclaim, Third Amended Crossclaim, etc. Counsel shall attach as an appendix to all amended pleadings a "redline" version of the amended pleading showing all additions and deletions of material from the most recent prior pleading.

**14.    Pro Se/Self-Represented Parties**

Pro se/self-represented parties may continue to present all documents to the Clerk for filing in paper format pursuant to Local Rule 5-4.2. However, the Court will also permit self-represented parties to present all documents to the Clerk for for filing by email so long as they comply with the following requirements:

(a)    The document shall be prepared so that it complies with the requirements set forth in Local Rule 11-3, i.e., legibility, font, paper, pagination, spacing, title page, page limits, etc.

(b)    The document shall be emailed as a PDF document to mcs_chambers@cacd.uscourts.gov no later than the date it is due. The Court will deem the date the document is emailed as the filed or lodged date. The subjet line of the email shall contain: (i) the case number, (ii) case name, and (iii) "Pro Se Filing" to ensure it will be filed/lodged properly.

(c)    Pro se/self-represented parties may use the chambers email solely to present documents for filing. The chambers email is not to be used in any way to communicate with the Judge or Clerk. All parties, including pro se/self-represented parties, shall refrain from writing letters to the Court, sending email messages,

1  making telephone calls to chambers, or otherwise communicating with the Court

2  unless opposing counsel is present. All matters must be called to the Court's

3  attention by appropriate application or motion C.D. Cal. R. 83-2.5.

4        The Court expects pro se/self-represented parties to comply with the Local

5  Rules and the rules set by this Court. The Court has a Pro Se Clinic available to

6  assist those persons who do not have an attorney to represent them. Clinics are

7  located in Los Angeles, Riverside, and Santa Ana. More information can be

8  obtained by calling (213) 385-2977, ext. 270, or visiting the Court's website at

9  http://prose.cacd.uscourts.gov/.

10  **15.  Notice of This Order/Electronically Filed Documents**

11        If this case was initiated in this Court, plaintiff(s) shall immediately serve this

12  Order on all parties, including any new parties to the action. If this case was

13  removed from state court, the removing defendant(s) shall serve this Order on

14  all other parties.

15        Any document that is electronically filed shall be served by mail that same

16  day on any party or attorney who is not permitted or has not consented to electronic

17  service, with a proof of service to be filed within 24 hours.

18

19

20      **IT IS SO ORDERED.**

21

22  Dated:  May 26, 2022

23                                 HONORABLE MARK C. SCARSI

                               UNITED STATES DISTRICT JUDGE

24

25

26

27

28

**EXHIBIT A: FORMAT FOR EVIDENTIARY OBJECTIONS**

| Declaration/Testimony of _____ | Objection | Ruling |
|---|---|---|
| **Example 1: Entire Declaration of John Smith**<br><br>Start of Deposition......................................<br><br>[1. Language subject to objection]<br><br>.....................................................................<br><br>.....................................................................<br><br>..................................................................... | 1. E.g., Hearsay, cite. | 1. Sustained / Overruled |
| [2. Language subject to objection]<br><br>.....................................................................<br><br>.....................................................................<br><br>..................................................................... | 2. E.g., Lacks foundation, cite. | 2. Sustained / Overruled |
| [3. Language subject to objection]<br><br>.....................................................................<br><br>.....................................................................<br><br>..................................................................... | 3. E.g., Hearsay, cite. | 3. Sustained / Overruled |

19

**EXHIBIT B: FORMAT FOR ATTORNEY'S FEES SUMMARY CHARTS**

| Table 1 | | | |
|---|---|---|---|
| Task 1: Motion to Dismiss | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |
| Task 2: Motion for Summary Judgment | | | |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |

| Table 2 | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **HOURS BY TASK** | **TOTALS** |
| Attorney 1 (position) | | Task | Total Hours Spent by Attorney on Task | **Hours: Amount:$** |
| | | i.e., Motion to Dismiss | | |
| | | Discovery | | |
| | | Deposition | | |
| | | Task 4 | | |
| | | Task 5 (etc.) | | |
| Attorney 1 (position) | | Task | Total Hours Spent by Attorney on Task | **Hours: Amount:$** |
| **Total** | | | | **Hours: Amount:$** |