UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:22-cv-03519-MCS-E | Date   August 7, 2022 |
| Title   *Yolanda Marie Carrington v. Israel Emergency Alliance* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DISMISSING CASE (JS-6)**

The Court previously granted Defendant Israel Emergency Alliance's motion to dismiss. Order, ECF No. 32. In the order granting the motion to dismiss, the Court required Plaintiff Yolanda Marie Carrington to "file an amended complaint no later than 14 days from the date of this Order." *Id.* at 2. The deadline to file an amended complaint was July 27, 2022. To date, Plaintiff has not filed an amended complaint.

Federal Rule of Civil Procedure 41(b) permits a district court to "dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). A court must weigh five factors when considering dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260–61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).

The first two dismissal factors strongly support dismissal. The Court has a busy docket, and dismissal for Plaintiff's failure to file a new complaint supports the expeditious resolution of this litigation. Permitting a late amendment and adjudicating a new motion to dismiss would waste resources the Court could put

toward other important and serious cases on its docket. *See id.* at 1261. The third factor also supports dismissal. Plaintiff's unexplained failure to file a timely amended complaint is prejudicial to Defendant. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1981) ("Unreasonable delay creates a presumption of injury to the defense."). The fourth factor always weighs against dismissal, but it "lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation marks omitted). Finally, no less drastic alternative than dismissal is available. The Court warned that "[f]ailure to file a timely amended complaint will waive the right to do so." Order 2. *See Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). Plaintiff's failure to file an amended complaint indicates further orders by this Court would not be heeded.

The balance of the factors supports dismissal. *See Verdugo v. Cohen*, 430 F. App'x 592, 593 (9th Cir. 2011); *Cabello v. City of Phoenix*, 387 F. App'x 709, 710 (9th Cir. 2010). The Court dismisses the case without prejudice. Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**